**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cassidy Radder | No. CV-24-00173-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| County of Maricopa et. al., | |
| Defendants. | |

Plaintiff Cassidy Radder alleges Defendants Maricopa County, Jay Rademacher, Michael Brooks, Maricopa County Attorney Rachel Mitchell, and Maricopa County Sheriff Russ Skinner unconstitutionally defrauded her from life insurance policy proceeds and committed other offenses. (Doc. 13, "FAC").  Defendants moved to dismiss the First Amended Complaint (Doc. 14, "Motion").

Plaintiff's First Amended Complaint alleges five causes of action: (1) Conspiracy to violate Civil Rights under 42 U.S.C. § 1983 against all Defendants, (2) Violation of Fifth and Fourteenth Amendment Right to Due Process under 42 U.S.C. § 1983 against all Defendants, (3) *Monell* liability against only Defendants Maricopa County, Maricopa County Attorney Rachel Mitchell, and Maricopa County Sheriff Russ Skinner, (4) Negligent Hiring, Supervision, and Discipline of Employees against only Defendants Maricopa County, Maricopa County Attorney Rachel Mitchell, and Maricopa County Sheriff Russ Skinner, and (5) Tortious Interference with Contract against all Defendants. The Court will grant in part and deny in part the Motion and allow leave to amend.

# BACKGROUND

Plaintiff alleges the facts that follow. She is the daughter of Belinda Radder (mother) and Norman Radder (father). FAC at ¶ 1. On December 30, 2010, Plaintiff's father died as the result of a gunshot wound to the head. *Id.* at ¶ 21. Several years prior to his death, Mr. Radder purchased a $100,000 life insurance policy with Plaintiff's mother and Plaintiff named beneficiaries. *Id.* at ¶¶ 22-24.

Maricopa County investigated Mr. Radder's death as a homicide with Defendant Michael Brooks as lead investigator and Defendant Jay Rademacher as assigned prosecutor. *Id.* at ¶¶ 27-28. Plaintiff states Defendants pursued for 11 years an investigation and prosecution of Plaintiff's step-grandfather Robert Fischer who was indicted by a Maricopa County grand jury on May 17, 2022. *Id.* at ¶¶ 29-30. Fischer was convicted, but it was overturned by the trial court and a second prosecution was dismissed "in the interests of justice." *Id.* at ¶ 30. Plaintiff alleges Defendants unconstitutionally pressured Plaintiff's mother to comply with the investigation of Fischer by engaging in what follows.

1. "[T]hreatening to report … Belinda Radder to Child Protection Services, if Mrs. Radder did not produce her children for interviews with law enforcement." *Id.* at ¶ 32.
2. "[D]eliberate misrepresentation to a third-party insurance carrier regarding Mrs. Radder's participation in the death of her husband, to delay the payment of the life insurance proceeds." *Id.* ¶ 46.

Plaintiff also alleges with specificity Defendants pressured Belinda Radder to cooperate with the prosecution via her life insurance proceeds.

1. Defendants, "stat[ed] to the insurance company that Belinda Radder could not be ruled out in the murder, when it had no evidence of her involvement in a murder." *Id.* ¶ 48.
2. Defendants, "stat[ed] to the insurance company that Belinda Radder was a 'person of interest' in the murder, when it had no evidence of her involvement in a murder." *Id.*

- 2 -

3. Defendants, "stat[ed] to the insurance company that Belinda Radder was deliberately withholding information about the murder and could be prosecuted for deliberately covering up facts of the homicide, when it had no evidence of her involvement or knowledge of a homicide." *Id.*

4. Defendants "represent[ed] to the insurance company that Belinda Radder was complicit in the murder of her husband, because she did not want to speak with investigators." *Id.*

Plaintiff alleges "one of Defendant Brooks' supervisors was present for the meeting with the insurance company representative." *Id.* ¶ 50. Finally, Plaintiff alleges "Defendant Brooks . . . would not have made these representations to the insurance company without the express consent of the prosecutor – Defendant Rademacher." *Id.* ¶ 51.

As a consequence of the alleged unconstitutional acts, Plaintiff claims she suffered delays in processing the life insurance claim. *Id.* ¶ 38. She suffered unnecessary pain and suffering because of Defendants' conduct. *Id.* ¶ 41. Finally, Plaintiff says the eventual recovery was significantly less than the $100,000. *Id.* at ¶ 43.

Defendant Maricopa County is a municipality and political subdivision of the State of Arizona. Defendant Rachel Mitchell is the Maricopa County Attorney. Defendant Russ Skinner is the Maricopa County Sheriff. Defendant Jay Rademacher is a Deputy County Attorney for the Maricopa County Attorney's Office. Defendant Michael Brooks is an investigator for the Maricopa County Sheriff's Office.

On March 8, 2024, Defendants filed a Motion to Dismiss (Doc. 14, "Motion"). On March 31, 2024, Plaintiff filed a Response (Doc 17) and on April 12, 2024, Defendants filed a Reply. (Doc 21).

## MOTION TO DISMISS

The almost exclusive focus of Defendants' Motion to Dismiss is the argument that absolute and qualified immunity require dismissal of all claims. With regard to Plaintiff's *Monell* claim (Counts Three) and Negligent Hiring, Supervision, and Discipline of Employees claim (Count Four), Defendants appear to additionally argue failure to state a

claim under § 1983 or state law.

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted)). If "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint" has not adequately shown the pleader is entitled to relief. *Id.* at 679. Although federal courts ruling on a Motion to Dismiss "must take all of the factual allegations in the complaint as true," they "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555) (internal quotations omitted).

**ANALYSIS**

A. **Absolute Immunity**

Defendants argue all claims against Defendant Rademacher must be dismissed based on the protection afforded by absolute prosecutorial immunity.

"Absolute immunity 'is an extreme remedy, and it is justified only where any lesser degree of immunity could impair the judicial process itself.'" *Garmon v. County of Los Angeles*, 828 F.3d 837, 843 (9th Cir. 2016) (quoting *Lacey v. Maricopa County*, 693 F.3d 896, 912 (9th Cir. 2012) (en banc)). "The 'official seeking absolute immunity bears the burden of showing that such immunity is justified for the function in question.'" *Garmon*, 828 F.3d at 843 (quoting *Burns v. Reed*, 500 U.S. 478, 486 (1991)).

Prosecutors are absolutely immune from § 1983 actions when performing functions "intimately associated with the judicial phase of the criminal process," *Id.* at 430, 96 S. Ct. 984, or "when performing the traditional functions of an advocate." *Kalina v. Fletcher*, 522 U.S. 118, 131, 118 S. Ct. 502, 139 L. Ed. 2d 471 (1997). However, when performing "administrative functions," or "investigative functions normally performed by a detective or police officer," qualified immunity, rather than absolute immunity, applies. *Garmon*, 828 F.3d at 843. "When a prosecutor steps outside of the advocate's role," his

or her conduct is protected only "to the extent that any other individual would be protected performing the same function." *Cruz v. Kauai County*, 279 F.3d 1064, 1067 (9th Cir. 2002).

To determine whether absolute or qualified immunity applies, a "functional test" applies focusing on the type of conduct for which immunity is claimed. "In applying this approach, [the court] distinguish[es] between acts of advocacy, which are entitled to absolute immunity, and administrative and 'police-type' investigative acts which are not. To qualify as advocacy, an act must be 'intimately associated with the judicial phase of the criminal process.'" *Patterson v. Van Arsdel,* 883 F.3d 826, 830 (9th Cir. 2018).

In evaluating the facts on the question of immunity, courts must resolve any ambiguities in favor of the plaintiff. *Salazar v City of Phoenix*, 2022 U.S. Dist. LEXIS 189353 (D. Ariz. 2022) (citation omitted). The prosecutor bears the burden of showing that, based on the nature of the function performed, absolute immunity is justified. *Buckley v. Fitzsimmons*, 509 U.S. at 269. "[T]he presumption is that qualified rather than absolute immunity is sufficient to protect government officials in the exercise of their duties." *Genzler v. Longanbach*, 410 F.3d 630, 636 (9th Cir. 2005).

Defendants contend Rademacher's alleged misconduct "relates to discovery issues, limited investigation, and evaluation of evidence currently in hand, all of which falls within the protective prosecutorial function" and thus is immunized.

Plaintiff responds, "none of the statements to the life insurance company were made in the course of the [Robert] Fischer litigation." Plaintiff adds all statements made to the life insurance company occurred outside the confines of any possible prosecution of Belinda Radder and she was never arrested or charged.

In their Reply, Defendants reiterate Rademacher's conduct with the insurance company, "is not an investigative activity, but an evaluation of evidence at hand by the prosecutor and presenting conclusions to the insurance company."

Rademacher's conduct, as alleged in the First Amended Complaint, is not "intimately associated with the judicial phase of the criminal process." *Patterson,* 883 F.3d 826, 830. All alleged acts and statements made or authorized by Defendant Rademacher occurred

outside of any judicial activity. Defendants have not shown undisputed facts sufficient to establish absolute prosecutorial immunity. The Motion will be denied on this issue.

B. **Qualified Immunity**

Alternatively, Defendants argue all the alleged conduct as public officials is protected by qualified immunity.

"In § 1983 actions, qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Sampson v. County of Los Angeles*, 974 F.3d 1012, 1018 (9th Cir. 2020). "Qualified immunity protects government officials from liability under § 1983 unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was clearly established at the time." *Cuevas v. City of Tulare*, 107 F.4th 894, 898 (9th Cir. 2024). Courts may exercise discretion in deciding which prong to consider first. *Pearson v. Callahan*, 555 U.S. 223, 236, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009).

Defendants contend they did not violate clearly established laws or constitutional rights a reasonable person would have known in part because "it is common police practice and objectively reasonable for the investigating officer be in contact with a life insurance company when a murder or suspicious death has occurred." Defendants cite several cases for this proposition. *See Butterfly-Biles v. State Farm Life Ins. Co.*, 2010 WL 346839 (January 21, 2010); *Prudential Ins. Co. of American v. Blanton*, 118 F. Supp. 3d 980 (N.D. Ohio 2015); *Mizioch v Montoya* 2011 WL 49003 (October 14, 2011); *Castro v Ballesttros-Suarez,* 222 Ariz. 48 (App. 2009); *Midland National Life insurance Company v. Niewnhous*, 2020 WL 4464394 (August 4, 2020). Defendants add this practice of contacting law enforcement insurance companies is directly contemplated by Arizona's slayer statute, A.R.S. § 14-2803, which may be invoked without probable cause for arrest. *Castro v. Bellestros-Suarez*, 222 Ariz. 48 (App. 2009).

Plaintiff responds Defendants misunderstand Plaintiff's claims. The First Amended Complaint alleges Defendants unconstitutionally intentionally interfered with Plaintiff's life insurance proceeds as part of an intentional effort to pressure Plaintiff's

- 6 -

mother into cooperating with a criminal investigation. FAC ¶ 47-48. Plaintiff emphasizes Defendants' Motion only addresses the propriety of contacting the life insurance company following a suspicious murder, but not the alleged unconstitutional misconduct and state law claims. Plaintiff emphasizes none of Defendants' authorities address the alleged unlawful conduct in the criminal investigation.

Though it may be common for investigating officers to contact life insurance companies after a suspicious death, Plaintiff has alleged unconstitutional deliberate misrepresentations to the life insurance company to pressure Plaintiff's mother into complying with Defendants' investigation and to delay Plaintiff's mother's insurance proceeds. Based on these allegations, Defendants' position that qualified immunity applies such that the Motion to Dismiss must be granted is erroneous.

The Motion to Dismiss will be denied on this issue. Granting qualified immunity on this record would require deciding "far-reaching constitutional questions on a non-existent factual record*." Kwai Fun Wong v. United States*, 373 F.3d 952, 957 (9th Cir. 2004). Although government officials have the right to raise qualified immunity on a Motion to Dismiss, it is not necessarily advisable in every case. *Id.* While the Supreme Court has "repeatedly … stressed the importance of resolving immunity questions at the earliest possible stage in litigation," there are insufficient facts before the court to resolve this issue on the Motion to Dismiss. *Dunn v Castro*, 621 F.3d 1196 (9th Cir. 2010) (quoting *Hunter v. Bryant*, 502 U.S. 224, 227, 112 S. Ct. 534, 116 L. Ed. 2d 589 (1991)).

**A. Conspiracy to Violate Civil Rights under 42 U.S.C. § 1983 (Count One)**

Count One alleges Defendants conspired to violate Plaintiff's civil rights via "threatening to place Mrs. Radder's children in foster care" and "deliberately misrepresenting Mrs. Radder's participation in the death of her husband to a life insurance company to pressure her to assist in the investigation and prosecution of Robert Fisher."[1]

---

[1] Plaintiff argues in response to Defendants' Motion she adequately alleges a claim under 42 U.S.C. § 1985(3). It is noted 42 U.S.C. § 1985(3) Conspiracy To Interfere with Civil Rights does not appear to have any relevance to these claims, and it is not cited in the

- 7 -

Defendants' principal argument for dismissal of this claim is "if immunity applies to the acts alleged in the First Amended Complaint, then a related conspiracy cause of action must also be dismissed."[2] However, Defendants also claim Plaintiff has not alleged facts to support a conspiracy cause of action against Maricopa County, Maricopa County Attorney Rachel Mitchell, or Maricopa County Sheriff Russ Skinner.

To plead a claim for a conspiracy to violate civil rights under § 1983, a plaintiff must allege "an agreement or meeting of the minds to violate constitutional rights." *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2001). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." *Id*. Conclusory allegations of conspiracy are not sufficient to support a claim under Section 1983. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *see also Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989) (plaintiff must allege specific facts to support claim of conspiracy to violate constitutional rights).

Plaintiff has not alleged sufficient facts to support Maricopa County, Maricopa County Attorney Rachel Mitchell, or the Maricopa County Sheriff Russ Skinner "at least share[d] the common objective of the conspiracy." *Franklin*, 312 F.3d 423, 441. Count One will be dismissed against Defendants Maricopa County, Maricopa County Attorney Rachel Mitchell, and Maricopa County Sheriff Russ Skinner, without prejudice.

Defendants' remaining argument to dismiss for Defendants Jay Rademacher and Michael Brooks is again based on a claim of absolute or qualified immunity. Because on this record the question of immunity cannot be resolved, Count One against Defendants Jay Rademacher and Michael Brooks will not be dismissed.

**C. *Monell* Liability (Count Three)**

---

First Amended Complaint.

[2] Defendants' Motion references "privileges and immunities," which appears to have no applicability here. Neither the Privileges and Immunities Clause of Article IV nor the Privileges and Immunities Clause of the 14th Amendment grants the government protection on the facts of this case. *See* U.S. Const. art. IV, § 2, cl. 1; U.S. Const. amend. XIV, § 1.

Count Three alleges Maricopa County, Maricopa County Attorney Rachel Mitchell, and Maricopa County Sheriff Russ Skinner failed to train and supervise its officers.

"To allege a failure to train, a plaintiff must include sufficient facts to support a reasonable inference (1) of a constitutional violation; (2) of a municipal training policy that amounts to a deliberate indifference to constitutional rights; and (3) that the constitutional injury would not have resulted if the municipality properly trained their employees." *Benavidez v. County of San Diego*, 993 F.3d 1134, 1153–54 (9th Cir. 2021). "Deliberate indifference is 'a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action.'" *Park v. City & Cnty. of Honolulu*, 952 F.3d 1136, 1141 (9th Cir. 2020) (quoting *Board of Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 410, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997)).

Defendants argue Plaintiff failed to allege facts to support Defendants' failure to train amounted to deliberate indifference.[3] Moreover, Defendants argue the First Amended Complaint's failure-to-train and failure-to-supervise allegations consist of conclusions rather than factual assertions. Defendants add Plaintiff "failed to cite a single policy or procedure that was instituted at the time that was not followed or a policy or procedure that should have been instituted but was not."

Plaintiff contends a custom or policy sufficient for an allegation of *Monell* violations can be inferred from the First Amended Complaint. Plaintiff also argues the involvement of Maricopa County Sheriff's Office supervisors in meetings with the life insurance company and Defendants' practice of commonly sharing information with life insurance companies when investigating a suspicious death are sufficient policies to support a *Monell* claim.

Plaintiff has alleged the first *Monell* requirement, that is, a constitutional violation. However, Plaintiff failed to support this allegation with facts of deliberate indifference or

---

[3] Defendants also argue Maricopa County cannot be vicariously liable for acts of the Sheriff or Sheriff employee Defendant Brooks, but do not address whether the County can be liable for the acts of Defendant Rademacher. However, the Court agrees Maricopa County cannot be liable under respondeat superior for the torts of the Sheriff or his deputies. *Kloberdanz v. Arpaio*, 2014 WL 309078 (January 28, 2014).

- 9 -

a pattern of similar constitutional violations by untrained employees. Plaintiff's First Amended Complaint is conclusory and, as such, it fails to state a claim. Count Three will be dismissed as to all Defendants, without prejudice.

### D. State Law Negligent Hiring, Supervision, and Discipline of Employees (Count Four)

Count Four alleges Defendants Maricopa County, Maricopa County Attorney Rachel Mitchell, and Maricopa County Sheriff Russ Skinner engaged in negligent hiring, supervision, and discipline of employees as all alleged acts and omissions were committed by employees, contractors, and agents of the Maricopa County Attorney's Office and Maricopa County Sheriff's Office.

Again, Defendants' primary argument is that qualified immunity applies to their actions such that Count Four must be dismissed. Whether immunity applies cannot, for the reasons previously stated, be resolved on this Motion. But Defendants also argue an employee committing a tort is perquisite for an allegation for state negligent hiring whereas all statements made to the life insurance company were "reasonable and lawful." *See Mulhern v Scottsdale*, 165 Ariz. 395 (App. 1990).

Under Arizona Law, for an employer to be held liable for negligent hiring, "the employee must have committed a tort. … Thus, the employer is not negligent in hiring or retaining the employee as a matter of law if the theory of the employee's underlying negligence fails." *Mulhern v. Scottsdale*, 165 Ariz. 395, 398 (App. 1990). Arizona follows the Restatement (Second) of Agency § 213 for negligent hiring and supervision, which states:

> "A person conducting an activity through servants or other agents is subject to liability for harm resulting from his conduct if he is negligent or reckless:
> (a) in giving improper or ambiguous orders or in failing to make proper regulations; or
> (b) in the employment of improper persons or instrumentalities in work involving risk of harm to others; or
> (c) in the supervision of the activity; or
> (d) in permitting, or failing to prevent, negligent or other tortious conduct by persons, whether or not his servants or agents, upon premises

or with instrumentalities under his control"

Restatement (Second) of Agency § 213 (1956); *see also Kassman v. Busfield Enters., Inc.*, 131 Ariz. 163, 639 P.2d 353, 356 (Ariz. Ct. App. 1981).

Defendants' Motion has not established Plaintiff's allegations fail to state a claim under Count Four. Therefore, Count Four will not be dismissed as to Defendants Maricopa County, Maricopa County Attorney Rachell Mitchell, and Maricopa County Sheriff Russ Skinner.

## CONCLUSION

Plaintiff has failed to sufficiently allege one of her five claims against Defendants. Thus, Count One (Conspiracy to Violate Civil Rights) is dismissed as to Defendants Maricopa County, Maricopa County Attorney Rachel Mitchell, and Maricopa County Sheriff Russ Skinner, with leave to amend. Count Three (*Monell* Liability) is dismissed as to all Defendants, with leave to amend.

Plaintiff's remaining claims are Count One (Conspiracy to Violate Civil Rights) against Defendants Jay Rademacher and Michael Brooks, Count Two (Violation of Fifth and Fourteenth Amendment) against all Defendants, Count Four (Negligent Hiring, Supervision, and Discipline of Employees) against Defendants Maricopa County, Maricopa County Attorney Rachel Mitchell, and Maricopa County Sheriff Russ Skinner and Count Five (Tortious Interference with Contract) against all Defendants.

Accordingly,

…
…
…
…
…
…
…
…

1   **IT IS ORDERED** Defendants' Motion to Dismiss (Doc. 14) is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's First Amended Complaint (Doc. 13) is **DISMISSED IN PART WITH LEAVE TO AMEND.** If Plaintiff amends, she must file an Amended Complaint within fourteen days of this Order and Defendants shall respond to the Amended Complaint by the deadline required by the Federal Rules of Civil Procedure. If Plaintiff does not amend, no later than fourteen days of this Order, Plaintiff must file a Notice that No Amendment will be filed.

Dated this 9th day of October, 2024.

Honorable Roslyn O. Silver
Senior United States District Judge